**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Ricardo ARENAS–TOSCUENTO, aka Ricardo Arnes–Toscuento; aka Ricardo Arenas–Tosquento; aka Richard Arenas–Toscuento; aka Richard Tosequento–Areas; aka Richard Toscunto Arenas; aka Richard Tosquento Arenas, Defendant–Appellant.**

**No. 99–50571.**

United States Court of Appeals, Ninth Circuit.

Submitted Jan. 9, 2001.[1]

Decided Jan. 16, 2001.

Before TROTT, THOMAS and BERZON, Circuit Judges.

**MEMORANDUM**[2]

Because the parties are familiar with the facts, we do not recite them here. We affirm the district court for the following reasons:

Arenas–Toscuento's pre-decision speculations to the contrary notwithstanding, *United States v. Gracidas–Ulibarry,* 231 F.3d 1188 (9th Cir.2000) (en banc) made no change in the mental element required for a "found in" conviction under 8 U.S.C. § 1326. The "found in" offense continues to require only general intent rather than specific intent, *United States v. Ortiz–Villegas,* 49 F.3d 1435, 1437 (9th Cir.1995),

---

1. The panel unanimously finds this case suitable for decision without oral argument. *See* Federal Rules of Appellate Procedure 34(a)(2)

and this requirement is satisfied if the defendant is found in the United States after a voluntary entry or stayed in the United States voluntarily after an involuntary entry. *United States v. Quintana–Torres*, 224 F.3d 1157, 1159 (9th Cir.2000).

Arenas–Toscuento's return to the United States to see his sick mother was the result of a voluntary act, so the elements of the "found in" offense were established.

AFFIRMED.

---

1. The panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a)(2).

2. This disposition is not appropriate for publication and may not be cited to or by the court of this circuit except as provided by 9th Cir. R. 36.3.